UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

     Plaintiff,

v.                                    Case No. 8:21-cv-1423-KKM-CPT

ALUNA LARGO,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Before me on referral is *pro se* Plaintiff Brittany Williams's *Application to Proceed in District Court Without Prepaying Fees or Costs*, which I construe as a motion to proceed *in forma pauperis* (IFP Motion). (Doc. 2). Also before me is Williams's complaint against Defendant Aluna Largo (Aluna). (Doc. 1). For the reasons discussed below, I respectfully recommend that this action be remanded to the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

I.

     This lawsuit appears to stem from Williams's failed attempt to rent a two-bedroom apartment from Aluna in 2020. (Doc. 1). According to Williams, she communicated with Aluna's front office about the credentials she needed to lease such a unit in Clearwater, Florida, and then submitted a rental application, along with a

seventy-dollar application fee, after "check[ing] all qualifications and [being] pre-approved."  *Id.* at 3–4.  Williams avers, however, that Aluna denied her request later that day.  *Id.*  Williams further alleges that she subsequently spoke with an Aluna staff member—who, Williams notes, was "of Hispanic nationality but [was] previously of Caucasian nationality"—but received an unsatisfactory response.  *Id.* at 4.

Williams asserts that she thereafter received a "harassing email" from Aluna, soliciting her interest in renting an apartment.  *Id.*  By Williams's interpretation, this email evidenced Aluna's discrimination against her based on her "race, gender, nationality, and family status" because she is an African American female and a "single mother," and because her children live with their grandmother, who is an Aluna resident.  *Id.*

Based upon these alleged events, Williams sued Aluna in Florida state court. (Doc. 1-2); *see also Williams v. Aluna Largo Apts.*, No. 20-005803-CI (Fla. Pinellas Cnty. Ct.).[1]  While that matter was still pending, Williams filed a notice stating that she would be removing the action to federal court.  *See* (Doc. 1-1) (civil cover sheet attached to Williams's complaint stating that her case had been "Removed from State

---

[1] The Court is authorized to take judicial notice of the docket entries in Williams's state court action, and I recommend that it do so here.  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotation marks and citations omitted); *Mathieson v. Wells Fargo Bank, N.A.*, 524 F. Supp. 3d 1246, 1256 n.10 (M.D. Fla. 2021) (taking judicial notice of electronic state court docket entries) (citing *Ates v. Florida*, 794 F. App'x 929, 930 (11th Cir. 2020) (per curiam) (affirming district court's taking of judicial notice of electronic state court docket entries)).

Court" and providing the case number for her state court action); (Doc. 1-2) (state court docket sheet reflecting Williams's notice of removal having been filed).

Roughly a month later, Williams filed the instant complaint in this case, albeit without the notice of removal she submitted in the state court matter. (Doc. 1). In her complaint, Williams seeks "an award for $900 million for emotional stress from the deaths that occurred in her family." *Id.* at 1–3, 5–6. In support of this requested relief, Williams references, *inter alia*, the Federal Housing Act, 42 U.S.C. §§ 3601–3619, Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–2000a-6, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213. *Id.*

In her IFP Motion, filed concurrently with her complaint, Williams represents that she is self-employed, that she expects to receive a lawsuit settlement in the next twelve months, and that she has not spent any money on legal fees in connection with this action, nor does she anticipate doing so. (Doc. 2 at 2, 5). Williams does not, however, provide any further information about her financial situation.

## II.

Under 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). Irrespective of whether a plaintiff can make such a showing, however, a district court must dismiss a case or remand an action, as appropriate, if it lacks jurisdiction to entertain the matter. *Shephard v. Parker*, 2020 WL 5983402, at *2 (M.D. Fla. Aug. 24, 2020) (noting that a court must dismiss a lawsuit

if it lacks jurisdiction "[r]egardless of whether [a plaintiff] has demonstrated [s]he cannot pay fees as required to proceed *in forma pauperis*") (citing Fed. R. Civ. P. 12(h)(3)); *Deutsche Bank Tr. Co. Ams. v. Robertson*, 2014 WL 12872711, at *2 (M.D. Fla. Apr. 8, 2014) (recommending that a *pro se* party's request to proceed *in forma pauperis* be denied and her action remanded, where she failed to comply with the requirements of the removal statutes), *report and recommendation adopted*, 2014 WL 12872747 (M.D. Fla. Apr. 14, 2014); *see also Dietrich v. Hagner*, 2018 WL 1801212, at *2 (M.D. Fla. Feb. 15, 2018) (finding a *pro se* defendant's improper removal was "frivolous as a matter of law," thus warranting remand of the action to state court), *report and recommendation adopted*, 2018 WL 1282323 (M.D. Fla. Mar. 13, 2018).

The Court lacks jurisdiction to adjudicate Williams's case here. It is well settled that a litigant's "right to remove an action . . . from state to federal court is purely statutory" and that the scope of this right, as well as the terms of its availability, are therefore "entirely dependent on the will of Congress." *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (internal quotation marks and citation omitted). Under the removal statutes enacted by Congress, only a defendant has the right to remove a state court action to federal court. *See* 28 U.S.C. § 1441(a) (providing that certain state court actions "may be removed by the defendant or defendants"); 28 U.S.C. § 1443 (same); 28 U.S.C. § 1446 (same); *see also Ondis v. RP Funding Inc.*, 2019 WL 1093452, at *1 (M.D. Fla. Jan. 3, 2019) (recognizing "federal law is clear that removal is limited to defendants and a plaintiff cannot remove" an

action) (internal quotation marks and citations omitted); *Seminole County v. Pinter Enters., Inc.*, 184 F. Supp. 2d 1203, 1207 (M.D. Fla. 2000) ("[O]nly defendants may remove an action from state to federal court.").  As a result, a district court does not have jurisdiction over a state court action which a plaintiff has erroneously sought to remove to it.  *Jones v. Cargill Nutrena Feed Div.*, 665 F. Supp. 907, 908 (S.D. Ala. 1987) ("All requirements of the federal statute must be fulfilled to effect removal.  Until such time, the state court retains jurisdiction over the case.") (collecting cases).

Against this backdrop, Williams's attempted removal of her state court lawsuit fails, and her action must be remanded back to the state court from which it originated. *See Rigaud v. Broward Gen. Med. Ctr.*, 346 F. App'x 453, 454 (11th Cir. 2009) (per curiam) (affirming the district court's *sua sponte* dismissal of a case because, among other reasons, the plaintiff could not remove her own action from state court). Notably, this Court recently reached the same conclusion in a separate case brought by Williams, in which she also improperly sought to remove her action.  *See Williams v. Tampa Bay Extended Stay Hotel*, 2021 WL 4847699, at *1 (M.D. Fla. Sept. 28, 2021), *report and recommendation adopted*, 2021 WL 4847035 (M.D. Fla. Oct. 18, 2021).

III.

In light of the above, I respectfully recommend that the Court:

1.     Remand this action to the Sixth Judicial Circuit in and for Pinellas County, Florida; and

2. Direct the Clerk of Court to send a copy of the Order of remand to the Sixth Judicial Circuit and to thereafter terminate any pending motions and close the case.

Respectfully submitted this 25th day of October 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Kathryn K. Mizelle, United States District Judge
*Pro se* Plaintiff