UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                                      Case No: 8:21-cv-1423-KKM-CPT

ALUNA LARGO,

    Defendant.
_____

## ORDER

Brittany Williams applied to rent a two-bedroom apartment from Aluna Largo Apartments. (Doc. 1 at 3; Doc. 1-1 at 1.) Despite being preapproved and submitting a $70 filing fee, Aluna Largo rejected Williams's application within hours. (*Id.* at 4.) Williams alleges that Aluna Largo discriminated against her based on "race, gender, nationality, and family status" in violation of the Civil Rights Act of 1964 and the Federal Fair Housing Act. (*Id.* at 1, 4.) She seeks $900 million in compensatory and punitive damages. (*Id.* at 5–6.) Williams originally filed this action in state court. *See Williams v. Aluna Largo Apts.*, No. 20-005803-CI (Fla. Pinellas Cnty. Ct.).[1] She then removed to this Court. (Doc. 1-2.) Along with her complaint, Williams filed a motion to proceed in forma pauperis. (Doc. 2.)

---

[1] This Court takes judicial notice of the state court action as a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

After reviewing the complaint and the motion, the Magistrate Judge issued a Report recommending that this Court remand the action to state court. (Doc. 3.) The fourteen-day deadline for Williams to object to the Magistrate Judge's Report has passed (with an additional three-day period permitted for mailing), and she has not filed an objection. Nevertheless, this Court reviews the Magistrate Judge's conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.).

After a careful and complete review, the Court concludes that the action should be remanded for the reasons stated in the Magistrate Judge's Report. (Doc. 3.) The removal statutes do not allow a plaintiff to remove her own case from state court. *See* 28 U.S.C. § 1441(a) (contemplating removal by a state-court defendant only); 28 U.S.C. § 1443 (same); 28 U.S.C. § 1446 (same); *see also Seminole Cnty. v. Pinter Enter., Inc.*, 184 F. Supp. 2d. 1203, 1207 (M.D. Fla. 2000) (Presnell, J.) ("[O]nly defendants may remove an action from state to federal court."). Thus, Williams's removal was improper, and this Court must remand it to state court for lack of subject matter jurisdiction.[2] *See* 28 U.S.C. § 1447(c).

Accordingly, the following is **ORDERED:**

---

[2] This Court remanded another action Williams filed in this Court for the same reason. *See Williams v. Tampa Bay Extended Stay Hotel*, 8:21-cv-1424-KKM-SPF, 2021 WL 4847035, at *1 (M.D. Fla. Sept. 28, 2021) (Mizelle, J.), *adopting report and recommendation*, 2021 WL 4847699.

1. The Magistrate Judge's Report and Recommendation (Doc. 3) is **ADOPTED** and made a part of this Order for all purposes, including appellate review.

2. The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, to **TRANSMIT** a certified copy of this Order to the clerk of that court, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 15, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge